**NOT RECOMMENDED FOR PUBLICATION**
File Name: 19a0520n.06

**No. 19-3003**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JOSEPH EDELSTEIN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| COMMISSIONER OF SOCIAL SECURITY, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellee. | ) | |
| | ) | |

**FILED**
Oct 16, 2019
DEBORAH S. HUNT, Clerk

**BEFORE: BOGGS, SUHRHEINRICH, and WHITE, Circuit Judges.**

**BOGGS, Circuit Judge**. Joseph Edelstein had been an attorney for the Social Security Administration (SSA) for 23 years when he applied to become an SSA Administrative Law Judge (ALJ) in 2009 at age 56. He was not selected for the promotion. Edelstein filed a complaint with the EEOC, received a right-to-sue letter, and filed this employment-discrimination action against the Commissioner of the SSA, alleging age and religious discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq*., and the Age Discrimination in Employment Act of 1976 (ADEA), 29 U.S.C. § 633a *et seq*. Both parties moved for summary judgment and the district court granted the Commissioner summary judgment because Edelstein did not show that he was unlawfully denied promotion based on his age or Jewish religion. The only issue on appeal is religious discrimination.[1] We agree with the district court that Edelstein did not establish a prima facie case of religious discrimination.

---

[1] The age discrimination claim was deemed waived by the district court and Edelstein does not challenge that determination on appeal.

In 2009, Edelstein applied to be an ALJ and was placed on a register of qualified candidates for ALJ positions in Akron and Cleveland. The ALJ-selection process consisted of candidates being interviewed by a panel of two sitting ALJs. Then a different two-member ALJ panel would review the candidates' application folders, which consisted of a resume, references, background investigation, and interview rating. Both parties agree that Edelstein interviewed poorly. The ALJ interview panel noted that Edelstein made very little eye contact, closed his eyes during most of the interview, and gave vague and shallow answers, repeatedly indicating that he wanted to be an ALJ "because he needed the money" to support his family and that he was interested in the position because it was a "lifetime position." The ALJ panel gave a score of "Not Recommend" on seven of fourteen "important competencies that effective ALJs generally bring to the job." The second panel, which reviewed his application folder, gave Edelstein a "Borderline Recommend" rating based on "good supervisory recommendations" but a "very poor interview."[2] Edelstein objected to the interview panel's repeated references to "money," which Edelstein claims reflected "an ancient and derogatory stereotype of Jews and anti-Semitism." Edelstein asserted that during the interview he used the term "income" twice, and did not use the term "money."

In 2010, Edelstein was considered but not selected for two ALJ positions in Akron. In 2011, he was considered for a third ALJ position in Akron and again was not selected, this time losing out to Stewart Goldstein. Goldstein is older than Edelstein and is also Jewish. With his application having been rejected three times, Edelstein was not considered for two subsequent ALJ positions in Cleveland, where one hire was older than Edelstein and the other was a mentee of Edelstein. Edelstein did not allege that religious discrimination occurred in the Cleveland

---

[2] Edelstein did not allege that the second panel discriminated against him.

promotions, so the only issue on appeal relates to the hiring of Goldstein instead of Edelstein for an Akron ALJ position.

This court reviews a district court's grant of summary judgment de novo. *Gillis v. Miller*, 845 F.3d 677, 683 (6th Cir. 2017). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To establish a prima facie case of religious discrimination under Title VII, a plaintiff must show that he 1) was a member of a protected class; 2) was denied a promotion; 3) was qualified for the position; and 4) was passed over in favor of someone outside of the protected class. *See Geiger v. Tower Auto*, 579 F.3d 614, 622 (6th Cir. 2009). The district court held that Edelstein failed to establish a prima facie case because even though he was a member of a protected class (Jewish), was denied a promotion, and was qualified for the job, he failed to show that he had been passed over in favor of someone outside the protected class: Goldstein, the person hired instead of Edelstein, is also Jewish.

Edelstein argued that Goldstein is "Jewish, but not Orthodox Jewish."[3] The district court found no evidence in the record of Goldstein's religious practices and observed that "the derogatory stereotype of Jews as overly materialistic is a generalized stereotype that applies to all Jews, not just Orthodox Jews." Having determined that Edelstein did not establish a prima facie case of religious discrimination, the district court noted that even had he established a prima facie case, Edelstein could not establish that he was intentionally discriminated against. The district court observed that Edelstein was "his own worst witness," in that he argued in opposition to the Commissioner's motion for summary judgment that Goldstein was selected not based on his religion or age but for his role in filing union grievances. Edelstein alleges that ALJ hiring

---

[3] There is no evidence in the record of Goldstein's religious affiliations or practices. He was not deposed and submitted no affidavit.

decisions were an attempt to "bust the union" which was achieved by hiring the top union officers as ALJs, thereby weakening union leadership. He stated that: "Goldstein is older than I. He is Jewish but *not* orthodox Jewish. However, none of these factors is relevant. *Goldstein was going to be hired no matter what his faith and no matter what his ag*e."

On appeal, Edelstein has filed a minimal three-page brief that consists of a list of questions he maintains are examples of facts that need submission to a jury, e.g., "Did the anti-Semitism displayed by my interviewers play a part in my non-hire?," and advances no substantive argument. We agree with the district court that Edelstein failed to establish a prima facie case of religious discrimination and thus AFFIRM the district court's entry of summary judgment.